**Safie ALLA, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General Respondent.**

No. 04–4249.

United States Court of Appeals, Second Circuit.

Jan. 26, 2006.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Glenn T. Terk, Wethersfield, Connecticut, for Petitioner.

Kathleen M. Mehltretter, Acting United States Attorney, Brian M. McCarthy, Assistant United States Attorney, Rochester, New York, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Safie Alla petitions for review of the BIA decision affirming an immigration judge's ("IJ") decision denying her application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history of this case.

Where the BIA adopts the decision of the IJ and supplements it, we review the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005).

This Court reviews the agency's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004). Substantial evidence in the record supports the BIA's conclusion that conditions in Macedonia have changed significantly since 2001, thus rebutting any presumption of a well-founded fear of future persecution even if Alla had shown past persecution. The State Department report indicates that positive changes included, *inter alia,* acquisition of seats in Parliament by an ethnic Albanian political party, the recognition of Albanian as an official language, and the inclusion of Albania police officers in predominantly ethnic Albanian areas. The BIA properly concluded that Alla's reliance on an Amnesty International report indicating conflict and violence against the Albanian community in Macedonia in 2001 was misplaced, as the report covers the period during which the alleged violence against Alla and her family occurred, but does not address subsequent developments. The BIA's finding that changed country conditions would rebut a presumption of a well-founded fear of future persecution even if Alla had established past persecution is substantially supported by the record as a whole. Because the BIA correctly determined that Alla failed to meet her burden of proof of showing an objectively reasonable fear of persecution, denial of withholding of removal, which requires a higher burden of proof, was also proper.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appel-

late Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).