Momodu BARRIE, Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY, Respondent.

No. 05–1966–AGNAC.

United States Court of Appeals, Second Circuit.

March 1, 2006.

Theodore Vialet, New York, New York, for Petitioner.

Alice H. Martin, United States Attorney for the Northern District of Alabama; Jenny L. Smith, Assistant United States Attorney, Birmingham, Alabama, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. B.D. PARKER, and Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is

hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Momodu Barrie, through counsel, petitions for review of the March 2005 order affirming an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts and merely supplements the IJ's decision, this Court reviews the IJ's decision as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B).

Asylum applications must be filed within on year of the aliens arrival in this country. The factual determinations pertaining to the one-year bar in this case did not involve a constitutional claim or a question of law; this Court therefore lacks jurisdiction to review them. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 154 (2d Cir.2006).

As to withholding of removal, the presumption of a well-founded fear may be rebutted if an IJ finds that there has been a fundamental change in circumstances such that the applicant's life or freedom would no longer be threatened in the country of removal on account of one of the five statutory grounds. 8 C.F.R. § 208.16(b)(1)(i)(A). The BIA has indicated that the presumption may be rebutted if, in the applicant's country, the offending government has been overthrown and no longer wields influence, the new leadership does not "harbor the same animosities as the old," and the human rights practices have improved. *See In re N–M–A,* 22 I & N Dec. 312, 320–21, 1998 WL 744095 (BIA 1998); *In re O–Z–,* 22 I & N Dec. 23, 26–27, 1998 WL 177674 (BIA 1998).

Substantial evidence supports the BIA's affirmance of the IJ's finding that such a change occurred in Sierra Leone. As the IJ observed, the civil war ended in January 2002; Ahmed Tejan Kabbah was re-elected president (and his party won a large majority in Parliament); 57,000 ex-combatants were demobilized; 200,000 Sierra Leoneans returned to their homes (including 90,000 repatriated refugees); respect for human rights has improved significantly; a special court has been created to prosecute war criminals and other human rights violators; *etc.* Barrie has set forth no facts, either in his application or through his testimony, to indicate that he would specifically be at risk for persecution if he returned under the changed circumstances.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).