**Theodhore NEZHA, Petitioners,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–5317–ag.**

United States Court of Appeals, Second Circuit.

May 1, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

**90**

Vlad Kuzmin, Kuzmin & Associates, P.C., New York, New York, for Petitioner.

William J. Leone, United States Attorney for the District of Colorado; Kevin T. Traskos, Assistant United States Attorney, Denver, Colorado, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Theodhore Nezha, through counsel, petitions for review of the September 2004 BIA order affirming Immigration Judge ("IJ") Jeffrey Chase's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–74 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–07 (2d Cir.2003). This Court reviews questions of law and the application of law to undisputed facts de novo. *See Khouzam v. Ashcroft*, 361 F.3d 161, 165 (2d Cir.2004).

Substantial evidence supports the BIA's and IJ's determination that Nezha failed to establish either past persecution or a well-founded fear of future persecution. The record does not indicate that Nezha's obligatory military service fell within an exception to the general rule that conscription into military service does not constitute persecution. *See Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir.2005). Additionally, the IJ took into account Nezha's allegations that two police officers had arrested and beaten him after he emerged from a crowd of protestors, and that he awoke in a hospital, and reasonably found that this single incident did not amount to persecution.

Further, the record supports the IJ's finding that Nezha's claim of a well-founded fear of persecution is simply speculative. Although Nezha claimed that his name was on a list of sharp shooters who had participated in the shooting of demonstrators, he did not clarify whether this list had been made public, nor whether, as the IJ mentioned, any attempt had been made to exact revenge on any of the other sharp shooters.

In addition, the IJ reasonably faulted Nezha for failing to provide sufficient documentation to corroborate his claims. While Nezha's father submitted two letters, they documented only the property his father owned, and that his father had gone to the "military center" on two occasions to get "the papers," but that it was "impossible," even with the assistance of an attorney whom he hired. The IJ reasonably discredited his father's documentation when it failed to: identify the attorney; specify "the papers" sought; or indicate whether any type of case had been instituted against Nezha. The IJ similarly reasonably faulted Nezha for his father's failure to provide the name of the lawyer who supposedly made efforts on

Nezha's behalf, or a letter from the lawyer explaining those efforts.

Moreover, the IJ appropriately factored in the State Department Profile's indication that country conditions in Albania had "improved dramatically," in his finding that Nezha failed to prove that he still had a well-founded fear of persecution. Although the IJ only briefly discussed the change in government in Albania, Nezha's testimony, that not all of the military officers change "because the party changes," and that many officers "remain and now they have positions of all kinds," did not serve as adequate rebuttal. In Nezha's case, he failed to indicate whether he could identify *any* of the officers involved in the shooting of the demonstrators, let alone whether they remained in some military capacity, or to demonstrate whether the current Government intended to penalize him for his desertion.

Finally, because Nezha failed to raise the issue of CAT relief in his petition for review or argue it in his brief, it is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).