YAN HUA LIANG, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Department of Homeland Security, Respondents.

No. 05–2691–ag.

United States Court of Appeals, Second Circuit.

May 31, 2006.

Stuart Altman, New York, New York, for Petitioner.

Dunn Lampton, United States Attorney, Southern District of Mississippi, Alfred B. Jernigan, Jr., Assistant United States Attorney, Jackson, Mississippi, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Yan Hua Liang (A78–863–005), through counsel, petitions for review of BIA Member David B. Holmes' summary affirmance of the decision of Immigration Judge ("IJ") Paul A. DeFonzo denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

When the BIA adopts and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding, and must not be "based on speculation or conjecture." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (quotation marks omitted).

The IJ cited several grounds for finding Liang incredible. One of these grounds— that a letter Liang submitted from a Falun Gong organization attesting to his membership was probably fraudulent because the organization, by the time the letter was written, had been declared illegal— was rejected by the BIA as "speculative," and we agree. We further find that the IJ erred by faulting Liang for not mentioning the precise locations of Falun Gong practice sites in China. The record shows that the Department of Homeland Security lawyer asked him about the locations and he responded that the location was differ-

92

ent every time but usually in a "park" or "remote" public place. At that point, the lawyer immediately moved on to another topic rather than press for a more specific answer, so Liang was not evasive. Finally, the IJ erred by faulting Liang for not producing documents that corroborate his Falun Gong practice in the United States. Liang testified that he practices primarily in his apartment, so it is entirely understandable that no one else would be in a position to testify to the extent of his practice.

Although the IJ and BIA stated other bases for their decision, we must remand because we cannot "state with confidence" that these bases, standing alone, would have motivated the same result. *Cf. Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 162 (2d Cir.2006) (holding that affirmance is appropriate where the identified error clearly did not alter the result reached).

Liang also argues that IJ DeFonzo violated his right to due process by making numerous inappropriate remarks throughout the hearing. For example, the IJ threatened to "just order [Liang] removed" if he did not answer a question (as to which Liang appeared confused), at one point said "you must think I'm an idiot," and another point when Liang asked if he should describe a particular incident, responded, "Yes, if this is not a lie." We are troubled by these comments, and in particular by the IJ's threat to order Liang removed if Liang did not answer a particular question. The comments call into question the IJ's impartiality. We are all the more troubled by IJ DeFonzo's handling of this case as we have encountered the same problem in a recent case of his, *Yi Hui Lin v. Gonzales*, 05–3468 (May 19, 2006) (A95–838–149).

In order to establish a violation of due process, an applicant must show that he was denied a full and fair opportunity to present his claims or otherwise deprived of fundamental fairness. *Xiao Ji Chen*, 434 F.3d at 155. Although we cannot say that the IJ's behavior in this case meets this standard, it comes close. We remind IJ DeFonzo and the BIA of their duty to ensure that hearings are conducted in a fair and impartial manner. We also, in light of these concerns, suggest that the BIA seriously consider whether remand to a different IJ is appropriate in this case. *See You Hao Yang v. BIA*, 440 F.3d 72, 76 (2d Cir.2006).

For the foregoing reasons, Liang's petition for review is **GRANTED**, the BIA's is **VACATED**, and the case is **REMANDED** for further proceedings in accordance with this order. Having completed our review, Liang's pending motion for a stay of removal is **DENIED** as moot.