**ZHOU DING NI, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales,[1] Respondent.**

**No. 03–4391–ag.**

United States Court of Appeals, Second Circuit.

June 5, 2006.

Yee Ling Poon, Robert Duk–Hwan Kim, Law Offices of Yee Ling Poon, New York, NY, for Petitioner.

David C. Iglesias, United States Attorney for the District of New Mexico, David N. Williams, Assistant United States Attorney, Albuquerque, NM, for Respondent.

PRESENT: Hon. WALKER, Chief Judge, and Hon. JON O. NEWMAN and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Zhou Ding Ni, through counsel, petitions for review of the BIA decision affirming the decision of Immigration Judge ("IJ") George T. Chew denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This court reviews the agency's factual findings, including adverse-credibility determinations, under the substantial-evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse-credibility determination must be based on specific, cogent reasons that bear a legitimate nexus to the finding. *Secaida–Ro-*

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

*sales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003).

The IJ found Ni to be not credible because Ni testified inconsistently regarding the date on which his marriage certificate was issued to him. The IJ's finding is supported by substantial evidence in the record and is a reasonable basis for finding Ni not credible because, as the IJ and the BIA pointed out in their decisions, the timing of the issuance of the marriage certificate calls into question not only the authenticity of that certificate but also the timing of other incidents that are central to Ni's claim-namely, his wife's purported forced sterilization and the fine that was allegedly levied on the couple for violating family-planning policies. Although the BIA's determination that the 1998 State Department Profile of Asylum Claim and Country Conditions for China ("Asylum Profile") "reports that documents, including those purportedly verifying birth control procedures, are frequently fabricated" does not, without more, undermine the credibility of the alleged sterilization certificate, this determination is only tangential to the decision in this case.

Notwithstanding the BIA's reliance on the Asylum Profile, the findings regarding Ni's testimony support the IJ's decision. *See Xiao Ji Chen v. DOJ*, 434 F.3d 144, 159–65 (2d Cir.2006). Because Ni has been found not credible, he cannot demonstrate a well-founded fear of persecution. *See Ramsameachire*, 357 F.3d at 178. Since the only evidence of a threat to Ni's life or freedom depended upon his credibility, the adverse-credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275–76 (2d Cir.2003). Because Ni did not raise his CAT claim before the BIA and does not raise it here, this claim is both unexhausted and waived. *See* 8 U.S.C.

§ 1252(d)(1); *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).