**CAI HONG CHEN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales, Attorney General, Respondents.**

**No. 05–6510–ag.**

United States Court of Appeals, Second Circuit.

July 27, 2006.

David X. Feng, New York, New York, for Petitioner.

Paul I. Perez, United States Attorney General, Karin B. Hoppmann, Roberta J. Bodnar, Assistant United States Attorneys, Orlando, Florida, for Respondents.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Cai Hong Chen (A 96 013 663), a citizen of China, petitions for review of the BIA's affirmance of Immigration Judge ("IJ") Brigitte Laforest's denial of her claims for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B).

In this case, the BIA and IJ found Chen's testimony incredible because, among other things, they did not find credible her explanation for the following inconsistencies between her testimony, her asylum application, and the documentary evidence in the record: (1) Chen gave three different explanations as to how she learned of the arrest of her friend, an alleged Falun Gong co-practitioner; (2) Chen testified that the police came to her home from "time to time" to arrest her, yet her father's letter mentions that the police came to their home on only one occasion to arrest Chen; and (3) Chen claimed that she left China on her own passport, yet only when she was asked how this was possible did she mention that her father's friend was in the airport security bureau and helped her leave, an assertion that is not reflected in her father's otherwise detailed letter describing how Chen left China. These discrepancies provide substantial evidence to support the agency's adverse credibility finding irrespective of the alternate burden of proof analysis by the BIA.

Chen has not meaningfully challenged the IJ's denial of her withholding of removal and CAT claims in her brief to this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is

VACATED, and the pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).