**YONG AN LIN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 06–1252–AG.**

United States Court of Appeals, Second Circuit.

Sept. 20, 2006.

Benjamin B. Xue, New York, NY, for Petitioner.

Christopher J. Christie, United States Attorney for the District of New Jersey, Susan Handler–Menahem, Assistant United States Attorney, Newark, NJ, for Respondent.

Present WILFRED FEINBERG, CHESTER J. STRAUB and BARRINGTON D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Yong An Lin, a native and citizen of China, seeks review of a February 17, 2006 order of the BIA affirming the October 18, 2004 decision of Immigration Judge ("IJ") Barbara A. Nelson denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yong An Lin,* No. A70 888 595 (BIA Feb. 17, 2006), *aff'g* No. A70 888 595 (Immig. Ct. N.Y. City Oct. 18, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA affirms the decision of the IJ and supplements it, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ In this case, the IJ denied Lin's claims on adverse credibility grounds, noting the following inconsistencies: 1) Lin failed to mention his wife's abortion in his first application; 2) Lin failed to mention the attempted arrest; and 3) Lin's testimony was inconsistent as to the date of his son's birth and whether his son was born before or after Lin left China. In addition, the IJ found it troubling that Lin did not provide any evidence of his wife's abortion and there is no letter from his wife in support of his application. We find that all of these factors cited by the IJ, and affirmed by the BIA, are supported by substantial evidence in the record.

■ Lin argues that the IJ erred in basing her credibility finding on omissions in his initial asylum application because any information regarding his wife's abortion or encounter with the family planning officials must have been omitted by mistake. He admitted to signing the application, but he said that he gave all of his information to a "travel agency" and the interpreter must have forgotten to include it. The regulations state, "The applicant's signature establishes a presumption that the applicant is aware of the contents of the application." 8 C.F.R. § 208.3(c)(2). Here, Lin signed his initial application when he submitted it in 1993, and he reaffirmed the allegations made in his application by signing it before the asylum officer in 1996. In addition, there is a signature from Jie Hu, indicating that he or she assisted Lin with his application. Other

than his own statements regarding poor translation, which he only mentioned when he was confronted with this major inconsistency, Lin has failed to present sufficient evidence to rebut the presumption that he was aware of the contents of initial application. *Cf. Zhi Wei Pang v. BCIS,* 448 F.3d 102, 107–08 (2d Cir.2006). We also note that the IJ was reasonable in basing her credibility finding on Lin's inconsistent testimony regarding his son's date of birth. Further, the IJ's corroboration finding was reasonable, in that the IJ clearly explained how a letter from Lin's wife would have been material and reasonably available. *See Li Zu Guan v. INS,* 453 F.3d 129, 141 (2d Cir.2006). In addition, the IJ was reasonable in determining that Lin failed to provide a sufficient explanation for the absence of any documentation regarding his wife's alleged abortion.

Since all of the IJ's adverse credibility findings are supported by substantial evidence, and since all of the factors relate directly to essential elements of Lin's claims, the IJ did not err in denying Lin's claims on adverse credibility grounds. Because the only evidence of a threat to the petitioner's life or freedom depended upon the petitioner's credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). As Lin has only presented one, conclusory sentence to this Court in support of his CAT claim, we deem that claim waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005).

Accordingly, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.