**XIA LI, Petitioner,**

**v.**

**Alberto R. GONZALES, Respondent.**

No. 06–2094–ag.

United States Court of Appeals, Second Circuit.

Oct. 20, 2006.

Michael Brown, New York, New York, for Petitioner.

Amul R. Thapar, United States Attorney; Charles P. Wisdom, Jr., Appellate Chief; Cheryl D. Morgan, Assistant United States Attorney, Eastern District of Kentucky, Lexington, Kentucky, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Xia Li, a native and citizen of the People's Republic of China, seeks review of an April 11, 2006 order of the BIA affirming the November 15, 2004 decision of Immigration Judge ("IJ") Noel Brennan denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Xia Li*, No. A 96 007 150 (B.I.A. April 11, 2006), *aff'g* No. A 96 007 150 (Immig. Ct. N.Y. City Nov. 15, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

Overall, substantial evidence supports the BIA's and IJ's adverse credibility determination. First, the record supports the IJ's demeanor finding. The IJ found that Li's manner was "hesitant and unconvincing and at times evasive." A review of the transcript reveals several instances in which Li failed to directly answer questions. Because a fact-finder who assesses testimony together with demeanor is in the best position to discern the impression conveyed by the witness, and because the IJ's finding of non-responsiveness was supported by the record, the IJ reasonably found that Li's demeanor undermined her credibility. *See Zhou Yun Zhang*, 386 F.3d at 73. Similarly, the record supports the IJ's finding that Li was "hesitant and vague" when asked to describe her mother's practice of Falun Gong. The record reflects that Li's testimony on this topic was "spare" and that the IJ attempted to "probe for incidental details." *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir.2003). Because the IJ's finding also included her perception of Li's demeanor, it serves as an adequate basis for an adverse credibility finding. *See Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 114 (2d Cir.2005) (holding that the record did not support the agency's adverse credibility finding in the absence of additional probing).

Additionally, the IJ reasonably found that it was implausible that Li had not learned of her mother's whereabouts. When Government counsel asked Li if her parents had been in contact since her mother had gone into hiding, Li stated that she did not know because she "rarely ma[d]e the phone call home." However, she testified that she spoke with her sister about two months prior to the hearing, and that she spoke with her father prior to the telephone call with her sister, and had informed both family members that she was pregnant. The IJ reasonably expected that the subject of Li's mother would have been raised in one of these conversa-

tions, particularly given Li's testimony that she intended to let her mother know about her pregnancy.

Further, the BIA and IJ appropriately faulted Li because the record was "barren of reliable corroboration." Li failed to submit a statement from her father, aunt, sister, or mother. *See Xiao Ji Chen*, 434 F.3d at 164 (indicating that an applicant's failure to corroborate her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question). In addition, the IJ was not required to show that this evidence was reasonably available to Li before relying on a lack of corroboration to support the adverse credibility finding. *See id.* at 164 (holding that these steps are not required when the applicant is not otherwise credible).

Moreover, the IJ accurately observed that, although Li communicated with her relatives in China via telephone, she failed to indicate that they had informed her that the authorities continued to have any interest in pursuing her. The IJ appropriately found this factor to undermine the plausibility of Li's claim that the cadres remained interested in her.

While the BIA's and IJ's adverse credibility determinations were not free of error, this case need not be remanded because there were adequate alternate bases on which to uphold the decisions, and it can be stated with confidence that the agency would adhere to the same decision upon remand, absent the errors. *See Cao He Lin*, 428 F.3d at 395. Because the only evidence of a threat to the petitioner's life or freedom depended upon Li's credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS*, 344 F.3d 272, 276 (2d Cir.2003).

Lastly, because Li fails to meaningfully challenge the IJ's denial of her illegal departure and CAT claims in her petition for review, any such arguments are deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir.2005) (emphasizing that "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal").

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).