**Pritpal SINGH, Petitioner,**

v.

**Alberto GONZALES, Respondent.**

**No. 06–2069–AG.**

United States Court of Appeals, Second Circuit.

Nov. 16, 2006.

**48**

Hector M. Roman, Jackson Heights, NY, for Petitioner.

Michael J. Sullivan, United States Attorney; Gina Walcott–Torres, Assistant U.S. Attorney, Boston, MA, for Respondent.

Present: CHESTER J. STRAUB, BARRINGTON D. PARKER and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Pritpal Singh, a native and citizen of India, seeks review of a March 30, 2006 order of the BIA affirming the November 23, 2004 decision of Immigration Judge ("IJ") Douglas B. Schoppert denying his claims for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Pritpal Singh,* No. A 77 013 593 (B.I.A. March 30, 2006), *aff'g* No. A 77 013 593 (Immig. Ct. N.Y. City Nov. 23, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this

principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ Here, substantial evidence supports the IJ's adverse credibility determination, which rested on material and substantial inconsistencies between Singh's testimony and his airport and credible fear interviews. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003) (emphasizing that a discrepancy must be "substantial" when measured against the record as a whole in order to form the basis of an adverse credibility determination). Singh testified at his hearing that he was arrested, detained, and beaten by the police in January 2001. In contrast, at his airport interview, he denied having ever been arrested. Similarly, when asked at his credible fear interview whether he "ever had troubles with the police" or was ever arrested, Singh responded, "No." The IJ appropriately noted that both the airport and credible fear interviews were conducted in Punjabi, Singh did not claim to have any communication difficulties, and the record contained transcripts of both interviews. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 179–80 (2d Cir.2004). Moreover, the IJ reasonably rejected Singh's explanation that he did not mention his arrest at the credible fear interview because he was afraid he would be brutally beaten and sent back to India because Singh had been represented by counsel at the time, and had acknowledged seeing a video explaining the credible fear interview process. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable factfinder to do so). Under these circumstances, the IJ was clearly entitled to rely on the airport and credible fear interviews.

■ Furthermore, the IJ properly declined to give independent evidentiary weight to the unauthenticated documents proffered by Singh in support of his claims, when the foundation for their admission was his testimony, which was found not credible. Even if Singh had established past persecution, the record supports the BIA's and IJ's determination that he failed to establish a well-founded fear of persecution because his father, who continued to carry out political activities, had not experienced any problems since Singh left India. *See Matter of A–E–M–*, 21 I. & N. Dec. 1157, 1998 WL 99555 (B.I.A.1998) (finding that an applicant's fear of persecution was undermined when his family remained in the native country unharmed).

Because Singh has failed to argue sufficiently the denial of his claims for withholding of removal and relief under the CAT before this Court, and because addressing these arguments does not appear to be necessary to avoid manifest injustice, any such arguments are deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.