**JIAN XUAN LIANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

No. 05–6428–ag.

United States Court of Appeals, Second Circuit.

Jan. 18, 2007.

H. Raymond Fasano, New York, NY, for Petitioner.

Richard B. Roper, U.S. Atty., D. Gordon Bryant, Jr., Asst. U.S. Atty., Amarillo, TX, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. CHESTER J. STRAUB, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Petitioner Jian Xuan Liang, a native and citizen of the People's Republic of China, seeks review of a November 2, 2005 order of the BIA affirming the February 6, 2004 decision of Immigration Judge ("IJ") Helen Sichel denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Jian Xuan Liang*, No. A 76 506 668 (B.I.A. Nov. 2, 2005), *aff'g* No. A 76 506 668 (Immig. Ct. N.Y. City Feb. 6, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006), *opinion revised*, 471 F.3d 315 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

Overall, the BIA's and IJ's adverse credibility determinations are supported by substantial evidence. First, the record substantiates the IJ's demeanor finding, specifically, that Liang was "struggling to

remember the lines in a script." Additionally, the IJ's impression that Liang had "difficulty remembering the answers to the questions being posed to him," is generally supported by numerous other instances of non-responsiveness on Liang's part, as reflected in his continual requests for even straightforward questions to be repeated. Because a fact-finder who assesses testimony together with demeanor is in the best position to discern more accurately the impression conveyed by the witness, the IJ reasonably found that Liang's demeanor undermined his credibility. *See Zhou Yun Zhang,* 386 F.3d at 73. Moreover, the IJ reasonably found that, despite Liang's minimal formal education, he should have been able to recount the events that he claimed occurred, if they indeed occurred. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (holding that an IJ must provide "specific, cogent" reasons for rejecting an applicant's testimony).

The IJ also properly relied on the absence of any corroboration from Liang's mother to support the IJ's adverse credibility finding. *See Xiao Ji Chen,* 471 F.3d at 340–41 (indicating that an applicant's failure to corroborate his or her testimony may bear on credibility, either because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question). The IJ was not required to show that a statement from Liang's mother was reasonably available when he was not found to be "otherwise credible." *Id.*

Further, the record supports the IJ's query as to how Liang's wife was able to "express mail" documents to him when she never left her cousin's house and was in hiding, as Liang had testified. The IJ reasonably found Liang's testimony that his wife was still in hiding at her cousin's house, to be inconsistent from her cousin's

letter. While Liang argues that the letter is "far from definitive" regarding whether his wife still resided at her cousin's home, construing the cousin's statements as ambiguous merely lends support to the IJ's conclusion that the letter did not corroborate Liang's claim.

Although we have identified flaws in the IJ's decision, remand would be futile in this case because the IJ's adverse credibility determination is supported by non-erroneous findings and it can be confidently predicted that those non-erroneous findings would lead the IJ to reach the same decision were the case remanded. *See Xiao Ji Chen,* 434 F.3d at 161–62.

Because the only evidence of a threat to Liang's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Lastly, because Liang has failed to sufficiently argue the denial of his CAT claim before this Court, we deem any such argument waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.