**Boubacar Siddy SOW, Petitioner,**

v.

**Alberto GONZALES,\* Respondent.**

**No. 03–4611AG.**

United States Court of Appeals, Second Circuit.

Nov. 4, 2005.

Boubacar Siddy Sow, New York, New York, for Appellant, pro se.

William J. Schneider, Assistant United States Attorney, Office of the United States Attorney for the District of Maine (Paula D. Silsby, United States Attorney for the District of Maine, on the brief), Portland, Maine, for Appellee.

PRESENT: LEVAL, STRAUB, and HALL, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is denied and the decision of the BIA be and it hereby is AFFIRMED.

Boubacar Siddy Sow, *pro se,* petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") decision denying his application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Arango–Aradondo v. INS,* 13 F.3d 610, 613 (2d Cir.1994). This Court reviews an IJ's factual findings under the substantial evidence standard, and as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales,* 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir. 2000)). Credibility determinations are also typically reviewed under the substantial evidence standard of review, and this Court's review of an adverse credibility determination is "highly deferential." *Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005) (*per curiam*).

In this case, the IJ's credibility determination was substantially supported by the

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

evidence as a whole. The credibility determination was based on specific examples in the record of Sow's contradictory and improbable testimony regarding his arrest, his travels between Guinea and Moscow, and his inability to correctly name the political party to which he claimed to have belonged.