**Consuelo ROCHA, Leonardo Trujillo, Carol Trujillo, Alfonso Trujillo, Petitioners,**

v.

**Alberto R. GONZALES,[1] Attorney General of the United States Respondent.**

No. 04–4226–AG.

United States Court of Appeals, Second Circuit.

Feb. 27, 2006.

Roberto Tschudin Lucheme, Glastonbury, Connecticut, for Petitioner.

R. Alexander Acosta, United States Attorney for the Southern District of Florida; Anne R. Schultz, Chief, Appellate Division; Laura Thomas Rivero, Lisette M. Reid, Assistant United States Attorneys, Miami, Florida, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. JOSÉ A. CABRANES, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Consuelo Rocha and Leonardo, Carol, and Alfonso Trujillo, through counsel, petition for review of the July 2004 BIA order affirming an immigration judge's ("IJ") decision denying their application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history in these consolidated cases.

As an initial matter, we note that petitioners' attorney filed a brief in this case that is devoted entirely to a discussion of a Guatemalan family, not petitioners. On the same day, he filed a brief in the Guatemalan family's case that is devoted entirely to a discussion of Rocha. While mindful that counsel's transposing the cover pages of the two briefs was ultimately harmless, we feel compelled to note our serious concerns about the carelessness this error betrays. Because the Government does not appeal to have been prejudiced, howev-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-

mer Attorney General John Ashcroft as the respondent in this case.

er, we proceed to review this petition on its merits.

When the BIA adopts and merely supplements the IJ's decision, this Court reviews the IJ's decision as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See id.; see also* 8 U.S.C. § 1252(b)(4) ("Except as provided in paragraph (5)(b) ... the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.").

The record supports the BIA's adoption of the IJ's finding that, even if Rocha were credible, she failed to meet her burden of proof. Rocha failed to set forth sufficient facts to establish that she would be eligible for asylum or withholding of removal. She indicated only that she had been a victim of extortion by guerrillas in Colombia, and did not provide evidence that her victimization was on account of any statutory ground, imputed or otherwise, or that the Government had been unable or unwilling to control the guerrillas. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 (2d Cir.2005) ("The [IJ's] first holding, that subjection to extortion is not persecution within the purview of the statute merely because the victim happens to dislike the practice, is consistent with the standard elaborated in [*INS v.] Elias-Zacarias*[, 502 U.S. 478, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)] and our own caselaw.").

For the foregoing reasons, the petition for review is DENIED. Any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pend-

ing request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).