**HE PING ZHENG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General, Alberto R. Gonzales [1], Respondent.**

No. 03–40190–ag.

United States Court of Appeals, Second Circuit.

June 9, 2006.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Paul J. McNulty, United States Attorney, Gerard J. Mene, Assistant United States Attorney for the Eastern District of Virginia, Alexandria, VA, for Respondent.

PRESENT: Hon. JAMES L. OAKES, Hon. AMALYA L. KEARSE and Hon. DENNIS JACOBS, Circuit Judges.

**SUMMARY ORDER**

He Ping Zheng, through counsel, petitions for review of the Board of Immigration Appeals ("BIA") decision affirming Immigration Judge ("IJ") William F. Jankun's decision denying his applications for

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on " 'specific, cogent' reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

■ Here, the IJ cited numerous reasons for the adverse credibility finding, some of which go to the heart of Zheng's claim. The finding satisfies this Court's deferential standard of review. *See Zhou Yun Zhang,* 386 F.3d at 75–76. The IJ cited Zheng's inconsistent accounts of a protest he allegedly staged, and of his whereabouts after the alleged protest, and Zheng's inconsistent testimony regarding the dates of two significant events (the protest and the sterilization operation), and deduced that Zheng's later testimony as to the date of the sterilization was concocted to coincide with a Village Committee Certification stating that Zheng's

wife underwent a tubal ligation operation on October 14, 1994. In responding to the IJ's invitation to explain this and other discrepancies, Zheng said he did not have an impression of his earlier testimony and that he was very nervous and confused at the first hearing. The IJ justifiably found this explanation failed to cure Zheng's significant inconsistencies.

■ Zheng also claims that the IJ deprived him of due process by refusing to accept as evidence certain documents that were either uncertified or untimely presented. This argument fails because, as the BIA concluded, any such error was harmless in light of the other findings; and because the IJ has authority to set deadlines for the filing of applications and related documents, and the opportunity to file documents "shall be deemed waived" where the documents are untimely presented. 8 C.F.R. § 1003.31(c). Here, Zheng offered supplemental documents twenty-nine days after the filing deadline and the IJ reasonably exercised his authority under 8 C.F.R. § 1003.31(c) to deny their admission into evidence.

Finally, an alien's due process right to avoid deportation is satisfied at a hearing where "the likelihood of persecution [could] be fairly evaluated." *Augustin v. Sava,* 735 F.2d 32, 37 (2d Cir.1984). The exclusion of Zheng's uncertified and untimely presented documents did not diminish the IJ's ability to fairly evaluate Zheng's likelihood of persecution. The IJ would have reasonably denied Zheng's asylum application even if all of the excluded documents were admitted into evidence. Because the IJ acted within his inherent authority and was able to fairly evaluate the likelihood of past or future persecution, Zheng's due process claim fails.

The only evidence of a threat to the petitioner's life or freedom depended upon the petitioner's credibility. The adverse credibility determination in this case

therefore defeats the claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 276 (2d Cir.2003); *cf. Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir. 2006). Finally, because Zheng did not show that, more likely than not, he will be tortured upon returning to the People's Republic of China, the BIA properly affirmed the IJ's denial of CAT relief.

For the foregoing reasons, the petition for review is DENIED. Our review having been completed, Zheng's pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument of this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).