**Perparim DACI, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

**No. 05–0029–ag.**

United States Court of Appeals, Second Circuit.

June 27, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

Gregory Marotta, Law Office of Richard Tarzia, Belle Mead, New Jersey, for Petitioner.

Christopher J. Christie, United States Attorney for the District of New Jersey, Colette R. Buchanan, Assistant United States Attorney, Newark, New Jersey, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Perparim Daci, through counsel, petitions for review of a decision of the Board of Immigration Appeals ("BIA") reversing the decision of Immigration Judge ("IJ") Sarah M. Burr's grant of asylum. We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). The Court reviews questions of law and the application of law to fact *de novo. See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

In its decision, the BIA agreed with the IJ that Daci's "credible testimony established" that Daci and his family were forced to abandon their home at gunpoint, and that, on two separate occasions, Daci, his father, and his brother were arrested for their political activities with the Democratic League of Kosovo, interrogated, and brutally beaten, and that on the first occasion, weapons were placed in their mouths as they were being threatened. Unlike the IJ, however, the BIA did "not find compelling humanitarian reasons to grant [Daci's] application for asylum" pursuant to *Matter of Chen,* 20 I. & N. Dec. 16, 1989 WL 331860 (BIA 1989), and 8 C.F.R. § 1208.13(b)(1)(iii)(A). In its brief to this Court, the government acknowledges that

the BIA "accepted [Daci's] testimony as credible." However, in reaching its determination under *Matter of Chen*, 20 I. & N. Dec. 16, 1989 WL 331860, and 8 C.F.R. § 1208.13(b)(1)(iii)(A), the BIA did not address the three other incidents that the IJ found to constitute persecution: 1) the arrest of Daci's father by Serbian police for political activism, and his subsequent interrogations and brutal beatings over a period of thirty days—all of which Daci was apparently conscious of as a nine year-old child, *cf. Jorge–Tzoc v. Gonzales*, 435 F.3d 146, 150 (2d Cir.2006); 2) the poisonous gassing of Daci and his fellow students by Serbian police; and 3) the burning of his family's house by Serbian police after the family was forced by the police, at gunpoint, to leave the house and flee to a refugee camp in Albania. Because the BIA failed to consider these incidents, together with the two arrests of Daci and his family members and the forced expulsion of the family from their house, the BIA's finding that Daci failed to demonstrate "compelling humanitarian reasons" for a grant of asylum pursuant to *Matter of Chen*, 20 I. & N. Dec. 16, 1989 WL 331860, and 8 C.F.R. § 1208.13(b)(1)(iii)(A), cannot stand. *See Poradisova v. Gonzales*, 420 F.3d 70, 80 (2d Cir.2005) (holding that "[t]he cumulative effect of the applicant's experience must be taken into account" in evaluating whether she or he suffered persecution).

The government claims in its brief to this Court that "the BIA's failure to mention [Daci's] testimony [regarding the poisonous gassing of his school] does not indicate that the BIA failed to consider this incident. Rather, the BIA decision focuses on the more significant incidents of persecution which were specifically directed to the Petitioner and his family. These were the circumstances the IJ had focused on in his [sic] decision. The other mistreatment suffered by [Daci] is less severe, therefore does not add to his cause." However, without evidence in the BIA's decision that the agency did, indeed, consider the 1981 imprisonment and beating of Daci's father—even if it then found the incident did not constitute persecution of Daci under *Jorge–Tzoc*, 435 F.3d 146—the poisoning of Daci and his fellow students by Serbian police, and the burning of the family house by Serbian authorities, this Court is unable to review the agency finding. *Cf. Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341–42 (2d Cir.2006). Further, it is difficult to fathom that the poisoning Daci experienced as a teenager when Serbian police gassed his school was not "significant," or that the arrest and beating of his father and the burning of his family house by the Serbian authorities were "less severe [acts of persecution and] therefore [do] not add to his cause." We wish to be clear. The decision to grant asylum for humanitarian reasons is a discretionary one. *See Matter of Chen*, 20 I. & N. Dec. 16, 19, 1989 WL 331860 (BIA 1989) ("[T]here may be cases where the favorable exercise of discretion is warranted for humanitarian reasons even if there is little likelihood of future persecution."); 8 C.F.R. § 1208.13(b)(1)(iii)(A) ("An applicant ... may be granted asylum, in the exercise of the decision-maker's discretion, if ... [t]he applicant has demonstrated compelling reasons for being unwilling or unable to return to the country arising out of the severity of past persecution."). Hence, it may not be subject to review. *Cf., e.g., Xiao Ji Chen v. United States Dep't of Justice*, 434 F.3d 144, 149 (2d Cir.2006). But the failure *even to consider* data in the record that is directly relevant to that discretionary decision is action outside the discretion of the BIA, and, hence, it is subject to our review.

The BIA also found that, due to changed country conditions in Serbia and Monten-

egro, Daci no longer had a well-founded fear of persecution. In reaching its decision, the BIA noted, "as did the Immigration Judge, the evidence establishe[d] that since [Daci's] departure from [Serbia and Montenegro], conditions have changed to such an extent that [Daci] no longer [had] a well-founded fear of persecution." However, although the IJ stated that "it does appear that there has been a substantial change in circumstances [in Kosovo]," it is not clear that the IJ made a determination that Daci no longer had a well-founded fear based on those changes. Further, even if the BIA were correct in finding that the IJ had determined that there was a fundamental change of circumstances in Serbia and Montenegro, *see* 8 C.F.R. § 1208.13(b)(1)(i)(A), neither the IJ nor the BIA identified the source of information supporting that finding.

On remand, the agency should determine whether all of the acts of persecution that Daci suffered, considered cumulatively, compel a grant of asylum based on humanitarian reasons under *Matter of Chen,* 20 I. & N. Dec. at 19–22. *See Poradisova,* 420 F.3d at 80; 8 C.F.R. § 1208.13(b)(1)(iii)(A). If the agency determines that Daci does not merit a grant of asylum under *Matter of Chen,* 20 I. & N. Dec. 16, 1989 WL 331860, then it should determine whether, based on evidence in the record, there has been a fundamental change in circumstances in Serbia and Montenegro such that Daci no longer has a well-founded fear of persecution in that country. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A). Because Daci does not raise his CAT claim in his brief to this Court, that claim is waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, we GRANT the petition, VACATE the BIA's decision, and REMAND to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).