**LIANG ZHU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–4674–ag.**

United States Court of Appeals, Second Circuit.

June 27, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

Colm F. Connolly, United States Attorney for the District of Delaware, Ellen W. Slights, Assistant United States Attorney, Wilmington, Delaware, for Respondent.

PRESENT: Hon. JAMES L. OAKES, Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

Liang Zhu (A 79 417 341), through counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Brigitte Laforest's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, because Zhu did not argue his CAT claim before the

BIA or this Court, the claim is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005).

 Turning to the asylum and withholding claims, when the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

In this case, Zhu's claims fail for the reasons stated by the IJ. The IJ cited several inconsistencies among Zhu's testimony at the hearing, the statements Zhu made during his airport and credible fear interviews, and Zhu's asylum application. These inconsistencies go to the heart of Zhu's claim. As conceded in Zhu's appellate brief, the following inconsistencies exist in the record: (1) when Zhu began practicing Falun Gong; (2) how the police learned that Zhu was a Falun Gong practitioner; (3) whether Zhu had been forced to write a repentance letter during his detention; and (4) where Zhu had been burned during his detention.

Although Zhu contends that the IJ erroneously failed to consider his alleged mental disability as an excuse for the discrepancies in the record, Zhu's head injury and resulting mental deficiencies were raised before the IJ only as an explanation for his initial interest in Falun Gong, not as explanations for his inconsistent testimony. Since the IJ cited specific instances of contradictory testimony, and because the record does not support Zhu's assertion that his head injury was a reasonable explanation for the discrepancies in the record, substantial evidence supports the IJ's adverse credibility determination. Accordingly, Zhu's application for asylum and withholding of removal were properly denied. *See Secaida–Rosales,* 331 F.3d at 307.

For the foregoing reasons, the petition for review is DENIED.