**WEI TIAN HUANG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–0240–ag.

United States Court of Appeals, Second Circuit.

July 12, 2006.

Farah Loftus, Los Angeles, CA, for Petitioner.

David E. Nahmias, United States Attorney, G. Scott Hulsey, Assistant United States Attorney, Atlanta, GA, for Respondent.

Present: PIERRE N. LEVAL, GUIDO CALABRESI, SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Wei Tian Huang petitions for review of the December 20, 2005 BIA order affirming Immigration Judge ("IJ") Patricia A. Rohan's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard.

■ Substantial evidence supports the agency's adverse credibility determinations in the instant case. The IJ accurately identified a discrepancy between Huang's testimony that his wife was ordered to undergo sterilization in 1995 and was found unsuitable for the procedure due to tuberculosis, and the medical certificate dated 1998 that he submitted indicating that his wife was then found to be unsuitable for sterilization. The record supports the BIA's observation that Huang was unable to provide a reasonable explanation for this discrepancy. When asked why he testified that the doctor issued the certificate in 1995 when the certificate is dated 1998, Huang simply responded, "[t]his I do not remember." In addition, Huang's argument that the IJ ignored his testimony about a second medical certificate stating that his wife was unsuitable for sterilization, is unavailing. While Huang may have suggested that a certificate was issued in 1995 and another certificate issued in 1998, he did not make this clear, and, as

Huang acknowledges in his brief, the question of "whether there was a second medical certificate issued in 1995 was never raised by any [of the] parties." Nevertheless, the IJ considered the possibility that there might have been two medical certificates issued regarding Huang's wife's unsuitability for sterilization, but reasonably discounted this explanation because Huang had "offered nothing with respect to two certificates being issued."

The IJ accurately indicated that Huang's testimony about how his wife was taken for an IUD insertion was also inconsistent. When asked what happened the first time he "ran away" from the cadres, he stated, "[t]hey took, I took my wife for IUD insertion." He testified that the procedure was done at a hospital, and that he knew about it because he heard his mother say that his wife was in the hospital that day. He then denied that he said he took his wife there. Additionally, the IJ observed that Huang testified that the family planning officials found out about his second child about ten days after his son was born, but that he stated in his written application that the officials found out about the birth a few months later. The IJ reasonably declined to credit Huang's explanation that he did not remember which time frame was correct. See Majidi v. Gonzales, 430 F.3d 77, 80–81 (2d Cir. 2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable factfinder to do so). The above inconsistencies involved material aspects of Huang's claim that his wife was ordered to undergo a forced IUD insertion and sterilization due to the birth of the second child, these inconsistencies were substantial when measured against the entire record, and the BIA and IJ reasonably relied on them in making their adverse credibility determinations. See Secaida–Rosales v. INS,

331 F.3d 297, 308–09 (2d Cir.2003). Further, the record supports the IJ's finding that Huang's testimony regarding the sequence of events surrounding his wife's order to be sterilized was "incomprehensible," and that he failed to give a coherent response as to how the authorities learned about the birth of his second child.

 Notwithstanding flaws in other parts of the IJ's reasoning, this case need not be remanded because the material and substantial inconsistencies identified in the record amounted to substantial evidence to support the IJ's adverse credibility finding, and it is clear that the IJ would reach the same decision based only on these points. See Xiao Ji Chen v. U.S. Dep't of Justice, 434 F.3d 144, 162 (2d Cir.2006). Given that the only evidence of a threat to Huang's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on Huang's claims for withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006). Because Huang fails to raise the issue of the IJ's denial of his CAT claim in his petition for review, any challenge to the resolution of this issue is deemed waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.