LI LIU, Petitioner,

v.

Alberto R. GONZALES, Attorney

**General of the United States,[1]
Respondent.**

**No. 04–1960–ag.**

United States Court of Appeals,
Second Circuit.

Feb. 21, 2007.

———

Jim Li, NeYork, NY, for Petitioner.

John C. Richter, United States Attorney for the Western District of Oklahoma, Judy Copeland, Assistant United States Attorney, Oklahoma City, OK, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Li Liu, a citizen of China, seeks review of a March 23, 2004 order of the BIA affirming immigration judge ("IJ") Terry Bain's October 25, 2002 decision denying

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Liu's applications for asylum and withholding of removal. *In re Li Liu*, No. A79 314 003 (B.I.A. Mar. 23, 2004), *aff'g In re Li Liu*, No. A79 314 003 (Immig. Ct. New York City Oct. 25, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews *de novo* the IJ's findings concerning the legal sufficiency of the evidence, as they present questions regarding the application of law to fact. *Edimo–Doualla v. Gonzales*, 464 F.3d 276, 281 (2d Cir.2006). It reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, it will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004).

Relying on *Matter of C–Y–Z–*, 21 I & N Dec. 915, 919 (BIA 1997) and *Matter of S–L–L–*, 24 I & N Dec. 1, 5 (BIA 2006), Liu argues that he can establish past persecution through harm inflicted upon his wife. Additionally, citing *Jorge–Tzoc v. Gonzales*, 435 F.3d 146, 150 (2d Cir.2006), he argues that he can establish past persecution due to his suffering caused by his wife's pain, threat to her life, restraint of her body, and loss of earning.

First, Liu's case is easily distinguished from *C–Y–Z–* and *S–L–L–*, as those cases discuss the ability of a person whose spouse has been forced to undergo an abortion or sterilization procedure to establish his own claim of past persecution on account of a political opinion. Because the statute and case law narrowly refer to reproductive persecution and specifically establish forced abortion or sterilization to oneself or one's spouse as past persecution, 8 U.S.C. § 1101(a)(42), *Matter of C–Y–Z*, 21 I & N Dec. at 915, *Matter of S–L–L–*, 24 I & N Dec. at 5, Liu's contention that the Court should apply a general rule that harm to one's spouse constitutes harm to oneself is unavailing.

Liu's case can also be distinguished from *Jorge–Tzoc*. There, the Court concluded that a child who had witnessed the violent shooting deaths of family and community members was able to establish past persecution. *Jorge–Tzoc*, 435 F.3d at 150. Although he was not personally harmed, the Court found that because Jorge–Tzoc was a child who depended on his family and his community, his witnessing of the massacre of family and community members combined with his community's forced relocation by the military rose to the level of past persecution. *Id.* In this case, Liu is not a child, and did not witness the violent killing of his family members; his case is therefore not parallel to *Jorge–Tzoc* and his reliance on that case is misplaced.

The agency correctly concluded that Liu did not suffer past persecution. In *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985), the BIA interpreted past persecution to include "harm or suffering inflicted upon an individual in order to punish him for possessing a belief or characteristic a persecutor sought to overcome." This Court has previously explained that persecution must rise above mere harassment,

but it is not limited to threats to life or freedom; non-life-threatening violence and physical abuse also fall within this category. *Chen v. INS*, 359 F.3d 121, 128 (2d Cir.2004). Economic harm may also constitute persecution, *see Acosta*, 19 I. & N. Dec. at 222, but the applicant must show at least a "deliberate imposition of a substantial economic disadvantage," *Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 67 (2d Cir.2002).

■ Here, the BIA reasonably determined that Liu's brief detention, during which he was not abused or harmed, did not rise to the level of persecution. *See Ai Feng Yuan v. USDOJ*, 416 F.3d 192, 198 (2d Cir.2005). Additionally, its conclusion that Liu did not suffer economic persecution because he was able to find part-time work after being dismissed from his permanent position was appropriate, as Liu failed to show that he suffered a significant economic disadvantage. *Guan Shan Liao*, 293 F.3d at 67. Because Liu's claim consisted of only two incidents that did not produce a lasting negative impact, the BIA correctly determined that Liu had not suffered past persecution. *See Ai Feng Yuan*, 416 F.3d at 198; *Poradisova v. Gonzales*, 420 F.3d 70, 79–80 (2d Cir.2005).

■ The BIA found that Liu did not have a well-founded fear of future persecution. Liu argues in his brief that in so concluding, the BIA ignored country condition evidence in the record and misstated that his wife was a former Falun Gong practitioner. This Court presumes an IJ has taken into account all evidence before him unless the record compellingly suggests otherwise. *Xiao Ji Chen v. U.S Dep't of Justice*, 471 F.3d 315, 336 n. 17 (2d Cir.2006). Because there is no evidence in the record indicating that the Chinese government targets people who have been acknowledged not to practice Falun Gong, Liu's argument that the BIA ignored evidence is unavailing. Additionally, while the BIA incorrectly stated that Liu's wife was a former practitioner, the error was harmless. The focus of the BIA's statement was that Liu's wife had experienced no further contact with the authorities after her 2000 detention; thus, her current status with regard to her Falun Gong practice is irrelevant.

■ Because the agency correctly determined that Liu did not suffer past persecution and was unable to establish a well-founded fear of future persecution, its denial of asylum was appropriate. Because Liu could not show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. Petitioner's motion for a stay of removal is GRANTED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).