**SHENG HUANG, Petitioner,**

v.

**U.S. ATTORNEY GENERAL,**
**Respondent.**

No. 06–3791–ag.

United States Court of Appeals,
Second Circuit.

March 23, 2007.

Liu Yu, New York, NY, for Petitioner.

Leura G. Canary, United States Attorney for the Middle District of Alabama; John T. Harmon, Assistant United States Attorney, Montgomery, AL, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. PIERRE N. LEVAL and Hon. JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Petitioner Sheng Huang, a native and citizen of the People's Republic of China, seeks review of a July 17, 2006 order of the BIA affirming the March 15, 2005 decision of Immigration Judge ("IJ") Annette S. Elstein denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In re Sheng Huang, No. A78 912 126 (B.I.A. July 17, 2006), aff'g No. A78 912 126 (Immig. Ct. N.Y. City March 15, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts and affirms, then supplements the IJ's decision, this Court reviews the IJ's decision as supplemented by the BIA. See Yu Yin Yang v. Gonzales, 431 F.3d 84, 85 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see Zhou Yun Zhang v. INS, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

We find that the IJ's adverse credibility finding is supported by substantial evidence. The IJ accurately observed that Huang's testimony about his alleged practice of Falun Gong and March 2002 arrest was unresponsive and vague, and that he repeatedly failed to answer the specific questions he was asked. We afford substantial deference to the IJ's demeanor-related findings. See Zhou Yun Zhang, 386 F.3d at 73. Additionally, the IJ noted several material discrepancies between Huang's testimony and the undated, unsigned letter he submitted from his father. Because these discrepancies concern matters central to Huang's claim, they raise questions as to whether the incidents actually occurred. See Secaida–Rosales v. I.N.S., 331 F.3d 297, 308–09 (2d Cir.2003). Moreover, an applicant's failure to corroborate his testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has been called into question. See Zhou Yun Zhang, 386 F.3d at 78. Here, despite the apparent availability of additional evidence which could have corroborated his claims, Huang provided only limited corroborative evidence, and the IJ did not err in finding that this lack of corroboration further undermined his credibility. Moreover, the IJ was not required to credit Huang's explanations for his failure to provide additional evidence, which included his claim that he destroyed evidence submitted to him to protect those who had written statements on his behalf. See Majidi v. Gonzales, 430 F.3d 77, 80–81 (2d Cir.2005) (the agency need not credit an applicant's explanation for inconsistent testimony unless those explanations would compel a reasonable factfinder to do so). As such, the IJ's adverse credibility finding was supported by substantial evidence. Because the only evi-

dence of a threat to Huang's life or freedom depended upon his credibility, the IJ's adverse credibility determination necessarily precludes success on his claims for asylum and withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

 Finally, because Huang fails to challenge the denial of his application for CAT relief before this Court, that claim is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).