FENG XIANG CHEN, Petitioner,

v.

Alberto GONZALES, United States
Department of Justice,
Respondent.

No. 06–3592–ag.

United States Court of Appeals,
Second Circuit.

May 21, 2007.

Norman Kwai Wing Wong, New York, NY, for Petitioner.

Amul R. Thapar, United States Attorney; Charles P. Wisdom Jr., Appellate Chief; Thomas Lee Gentry, Assistant United States Attorney, Lexington, KY, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Feng Xiang Chen, a citizen of the People's Republic of China, seeks review of a July 20, 2006 order of the Board of Immigration Appeals ("BIA"), affirming the March 3, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson, denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Feng Xiang Chen,* No. A98 039 757 (B.I.A. July 20, 2006) *aff'g* No. A98 039 757 (Immig. Ct. N.Y. City March 3, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Here, the agency's adverse credibility finding is supported by substantial evidence. Chen's omissions from his asylum application regarding when and how often family planning officials came to his home to look for his wife were material to his claim. *See Zhou Yun Zhang,* 386 F.3d at 74. Likewise, Chen's inconsistent testimony regarding how family planning officials learned of his wife's unauthorized pregnancy bears a legitimate nexus to his claim for relief. *Id.* Furthermore, the IJ reasonably found that Chen's demeanor was "extremely hesitant" and "unresponsive." Therefore, the agency was reasonable in finding Chen not credible, and thus, that he did not meet his burden of proof in establishing eligibility for asylum. *See, Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). Because each of Chen's claims for relief was based upon the same factual predicate, he has not met his burden of proof in establishing eligibility for either withholding of removal or CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006).

■ Chen also claims that the administrative hearing was fundamentally unfair,

violating his due process rights. Chen asserts that the IJ gave "long instructions apparently in high volume," which intimidated him and resulted in extreme nervousness. However, there is no evidence that the IJ was either biased or unfair. Further, Chen was fully able to present his claim and address both the noted discrepancies and his own nervousness. Therefore, there is no evidence of a due process violation. *Cf. Islam v. Gonzales,* 469 F.3d 53 (2d Cir.2006); *Guo–Le Huang v. Gonzales,* 453 F.3d 142, 150 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).