**FENG LI, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Respondent.**

No. 06–4606–ag.

United States Court of Appeals, Second Circuit.

Aug. 8, 2007.

Yee Ling Poon, Robert Duk–Hwan Kim, Law Offices of Yee Ling Poon, New York, NY, for Petitioner.

Sharon L. Potter, United States Attorney for the Northern District of West Virginia, David J. Perri; Assistant United States Attorney, Wheeling, WV, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Feng Li, a native and citizen of the People's Republic of China, seeks review of a September 11, 2006 order of the BIA affirming the May 3, 2005 decision of Immigration Judge ("IJ") Brigitte Laforest denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Feng Li*, No. A97 743 656 (B.I.A. Sept. 11, 2006), *aff'g* No. A97 743 656 (Immig. Ct. N.Y. City May 3, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts and affirms, then supplements the IJ's decision, this Court reviews the IJ's decision as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005). This Court reviews *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). However, this Court reviews factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Substantial evidence supports the IJ finding that Li failed to demonstrate a reasonable fear of persecution if returned to China. Li's claim rests on the assumption that he may one day marry, have more than one child, and thus be subjected to sterilization if returned to China. Because Li failed to present any particularized evidence to substantiate his fear, the IJ reasonably denied his claim as speculative. *See Jian Xing Huang v. INS*, 421 F.3d 125, 128–29 (2d Cir.2005); *see also Xia J. Lin v. Ashcroft*, 385 F.3d 748, 757 (7th Cir.2004) (noting that asylum will not be available to all applicants who claim, without any particularized showing, that they might, if returned to China, be subject to coercive family planning measures).

Li's claim that he would be subject to persecution for his illegal departure from China similarly fails. Although the record indicates that Chinese law allows for imposition of a sentence of imprisonment on a person who illegally departs the country, the possibility that an individual may be punished for violating a generally applicable statute does not, by itself, establish eligibility for asylum. *See Yang v. McElroy*, 277 F.3d 158, 163 n. 5 (2d Cir.2002) (per curiam).

Further, to the extent that Li based his asylum claim on his fear of loan sharks, substantial evidence supports the IJ's determination that "this claim [had] no nexus to the protected ground." Because Li failed to establish his eligibility for asylum, the IJ properly concluded that Li did not satisfy the heavier burden for withholding of removal. *See Zhou Yun Zhang*, 386 F.3d at 71.

Substantial evidence also supports the IJ's denial of Li's CAT claim, given his failure to present evidence that someone in his "particular alleged circumstances" was more likely than not to be tortured because he departed China illegally. *See Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir.2003). Li also failed to submit any evidence to support his statement that he might be beaten by loan sharks, or that the government would fail to protect him. The IJ reasonably determined that his unsupported assertions were insufficient to establish the Chinese government's awareness of and willful blindness to such abuses by loan sharks. *Cf. Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir.2004).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).