**Ibrahima DIALLO, Petitioner,**

v.

**Alberto GONZALES, Respondent.**

No. 06–5306–ag.

United States Court of Appeals,
Second Circuit.

Aug. 30, 2007.

Thomas V. Massucci, New York, NY, for
Petitioner.

Rick A. Mountcastle, Assistant United
States Attorney, for John L. Brownlee,
United States Attorney, Western District
of Virginia, Roanoke, VA, for Respondent.

PRESENT: Hon. CHESTER J.
STRAUB, Hon. ROSEMARY S. POOLER
and Hon. PETER W. HALL, Circuit
Judges.

728

## SUMMARY ORDER

Petitioner Ibrahima Diallo, a native and citizen of Guinea, seeks review of an October 26, 2006 order of the BIA affirming the May 24, 2005 decision of Immigration Judge ("IJ") Helen Sichel, denying Diallo's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ibrahima Diallo,* No. A79 319 323 (B.I.A. Oct. 26, 2006), *aff'g* No. A79 319 323 (Immig. Ct. N.Y. City May 24, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 304–05 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Here, substantial evidence supports the agency's finding that Diallo was ineligible for asylum. First, Diallo does not contest the IJ's determination that he failed to establish a nexus between the rebel attack and one of the protected grounds specified in the asylum statute. *See* 8 U.S.C. § 1101(a)(42). Accordingly, he has waived any argument that the rebel attack and the resulting harm to his family constitutes past persecution for the purpose of his asylum and withholding claims. *Cf. Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005). Even if Diallo had raised such an argument, the agency reasonably concluded that Diallo failed to establish the requisite nexus. *See* 8 U.S.C. § 1101(a)(42); *see also Melgar de Torres v. Reno,* 191 F.3d 307, 314 n. 3 (2d Cir.1999) (finding that general violence with no nexus to a protected category does not constitute persecution). Moreover, Diallo admitted that he had never been arrested or physically harmed by the Guinean government.

Furthermore, given that Diallo failed to establish that he had been subjected to persecution in the past, he was not entitled to a presumption that he would be subjected to future persecution in Guinea. *See* 8 C.F.R. § 1208.13. At his hearing, Diallo testified that he left Guinea because he was a member of the Rally for the Guinean People ("RPG"), an opposition political party, and the government had been looking for RPG members who, like Diallo, made financial contributions to the group. He also testified that his wife had informed him that, at some point after he left Guinea, "government people" had asked her about his whereabouts. However, Diallo failed to produce a statement from his wife to corroborate this testimony.

It was reasonable for the IJ to expect Diallo to submit a letter from his wife corroborating his testimony that the authorities were inquiring about him in Guinea, as this was the only testimony suggesting that Diallo could have an objectively reasonable basis for fearing future persecution. *See Diallo v. INS,* 232 F.3d 279, 290 (2d Cir.2000). The evidence was available to Diallo, given his testimony that he maintained contact with his wife in Guinea. *Id.* Moreover, Diallo's inconsistent explanation that he had not realized that he needed such a statement was inadequate. *Id.; see also Majidi v. Gonzales,* 430 F.3d

77, 80–81 (2d Cir.2005). Under these circumstances, a reasonable factfinder would not be compelled to conclude, contrary to the agency's decision, that Diallo had established a well-founded fear of persecution if he returned to Guinea. 8 U.S.C. § 1252(b)(4)(B); *see also Zhou Yun Zhang*, 386 F.3d at 73 & n. 7.

Diallo's remaining arguments are unavailing. The IJ explained the bases of her decision sufficiently, the BIA applied the proper standard of review when reviewing the IJ's decision, and neither the IJ nor the BIA applied an incorrect standard in concluding that Diallo did not have a well-founded fear of future persecution.

Because Diallo was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on his claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006). Moreover, Diallo has waived his CAT claim by failing to sufficiently argue it in his brief to this Court. *Yueqing Zhang*, 426 F.3d at 541 n. 1.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED.