**NENG DI ZHENG, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 06–4887–ag.**

United States Court of Appeals, Second Circuit.

Sept. 4, 2007.

---

Yee Ling Poon, Robert Duk–Hwan Kim, New York, NY, for petitioner.

Joseph S. Van Bokkelen, United States Attorney, Toi Denise Houston, Assistant United States Attorney, Hammond, IN, for respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Neng Di Zheng, a native and citizen of China, seeks review of an October 6, 2006 order of the BIA affirming the March 2, 2004 decision of Immigration Judge ("IJ") Alan Vomacka, denying Zheng's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Len Di Zheng a. k. a Neng Di Zheng*[1], No. A79 683 088 (B.I.A. Oct. 6, 2006), *aff'g* No. A79 683 088 (Immig. Ct. N.Y. City Mar. 2, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where the BIA affirms the IJ's decision and supplements it, this Court reviews the IJ's decision as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), overruled in part on other grounds by *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir.2007) (en banc). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

Zheng submits that the agency erred in failing to credit his claimed fear of perse-

1. Zheng's first name was misspelled as "Len" on some agency records. However, there is no indication that he ever used this name as an alias.

cution and torture based on the forcible sterilization of his wife. At the outset we observe that such spousal persecution, even if true, would not be enough, by itself, to support Zheng's claim for relief from removal. *See Shi Liang Lin,* 494 F.3d at 304–05. In fact, substantial evidence supports the IJ's adverse credibility determination. The discrepancies between the answers Zheng gave at his credible fear interview and his later statements about his persecution were "substantial" when measured against the record as a whole. *See Latifi v. Gonzales,* 430 F.3d 103, 105 (2d Cir.2005). Specifically, Zheng told his interviewer that he was seeking asylum because of his wife's affiliation with Falun Gong. In his asylum application and at his hearing, however, Zheng claimed that he was seeking asylum because family planning officials had forced his wife to undergo sterilization. This inconsistency went to the very heart of Zheng's claim and was, by itself, a sufficient basis for the the IJ's adverse credibility determination. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 182 (2d Cir. 2004). In addition, it was proper for the IJ to consider the credible fear interview in assessing the significance of this discrepancy because the record of the interview is sufficiently detailed to demonstrate its accuracy. *See id.* at 179.

Further, the IJ properly noted several deficiencies in the documentation that Zheng submitted to substantiate his wife's sterilization. The IJ did not err in finding that this evidence was insufficient to rehabilitate his testimony, the credibility of which had already been cast into doubt.

*See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006).

The IJ's adverse credibility determination was a proper basis for the denial of Zheng's asylum claim. The denial of asylum in this case necessarily precludes success on Zheng's claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Moreover, absent any evidence that shows that someone in his "particular alleged circumstances" was more likely than not to be tortured because he left China illegally, the IJ properly denied Zheng's CAT claim. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).