**Jerry MALEKE, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

No. 07–0011–ag.

United States Court of Appeals, Second Circuit.

Dec. 18, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

**446**

David J. Rodkin, New York, NY, for Petitioner.

Peter D. Keisler, Asst. Atty. General; Michelle Gorden Latour, Asst. Director; R. Alexander Goring, Trial Atty., Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROBERT D. SACK and Hon. ROBERT A. KATZMANN, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Jerry Maleke, a native and citizen of Indonesia, seeks review of a December 11, 2006 order of the BIA, affirming the June 13, 2005 decision of Immigration Judge ("IJ") Paul A. Defonzo, pretermitting his application for asylum and denying his application for withholding of removal. *In re Jerry Maleke,* No. A79 301 406 (B.I.A. Dec. 11, 2006) *aff'g* No. A79 301 406 (Immig. Ct. N.Y. City June 13, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, because Maleke does not challenge the agency's decision to pretermit his asylum application, we review only the agency's denial of his application for withholding of removal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

In this case, we remand for reconsideration in light of our recent opinion in *Mufied v. Mukasey,* 508 F.3d 88 (2d Cir.2007). In *Mufied,* as in this case, the IJ did not make factual findings as to whether the petitioner should be excused from showing an individualized risk of future persecution due to a pattern or practice of persecution of Christians in Indonesia. We remanded to the BIA for both factual findings with respect to the petitioner and elaboration upon the standard the BIA uses when determining whether a particular group has suffered from a pattern or practice of persecution. *Id.* at 88–89. As such, we remand this case as well for reconsideration consistent with our opinion in *Mufied* and the proceedings that flow therefrom.

For the foregoing reasons, we GRANT the petition for review, VACATE the BIA's order and REMAND to the BIA for proceedings consistent with this order.