**MEI LAN LIU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 03–40862–ag.**

United States Court of Appeals, Second Circuit.

April 16, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for-

mer Attorney General John Ashcroft as the respondent in this case.

Robert J. Adinolfi, New York, New York, for Petitioner.

John C. Richter, U.S. Attorney for the Western District of Oklahoma, Steven K. Mullins, Assistant U.S. Attorney, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Mei Lan Liu, a native and citizen of the People's Republic of China, seeks review of an October 27, 2003 order of the BIA affirming the March 29, 2002 decision of Immigration Judge ("IJ") Adam Opaciuch denying petitioner's application for asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT"). *In re Mei Lan Liu*, No. A73 208 857 (B.I.A. Oct. 27, 2003), *aff'g* No. A73 208 857 (Immig.Ct.N.Y.City, Mar. 29, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a preliminary matter, because Liu failed to challenge the IJ's denial of her

request for CAT relief before the BIA, we are without jurisdiction to consider any challenge to the denial of that relief. 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006).

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc).

With regard to Liu's argument that an incompetent translation resulted in a due process violation, Liu does not point to any testimony that was translated incorrectly at the hearing or any other showing of prejudice that would lead us to conclude that she was not able to "place [her] claim before the judge," *Augustin v. Sava,* 735 F.2d 32, 37 (2d Cir.1984), as required by the due process clause of the Constitution. *See also Li Hua Lin v. U.S. Dept. of Justice,* 453 F.3d 99, 104–05 (2d Cir.2006).

Moreover, Liu argues that the IJ failed to adequately develop the record with regard to her claim that she suffered past persecution in the form of reeducation classes. The IJ, however, specifically asked Liu what happened to her due to her participation in a parade, to which Liu replied that she was ordered to attend a

"brain washing class" for one month with other people. She offered no other details on these classes and did not state whether she was harmed in anyway while she attended these classes. Because it is the applicant's burden to establish eligibility for relief, the IJ did not err in his line of questioning regarding the classes. *See* 8 C.F.R. § 1208.13.

■ Furthermore, we find that the IJ properly denied Liu's claims for asylum and withholding of deportation. The IJ properly found that Liu being forced to attend a "reeducation class" and being demoted in her job did not constitute past persecution. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006) (finding that in order to constitute persecution, the alleged past harm must be sufficiently severe, rising above "mere harassment").

■ With respect to Liu's well-founded fear of persecution in China based on her political views, the record supports the IJ's finding that Liu does not have an objective fear of future persecution. *See* 8 U.S.C. § 1252(b)(4)(B). Indeed, as the IJ noted, there is "no indication whatsoever that the government is still interested in her." Although Chinese authorities visited her parent's house last year, the IJ properly found that this visit was related to census and registration activities. Liu has submitted no other evidence demonstrating that she fears persecution in China based on her past political views and activities in China. Hence, Liu failed to present "reliable, specific, objective evidence" to support her allegation that she possesses an objectively reasonable fear of individualized persecution if she returns to China. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004).

■ With respect to Liu's well-founded fear of persecution in China based on hav-

ing three U.S. citizen children, the IJ properly found that she "failed to submit any documentation to show that she would in fact be arrested or tortured because of the fact that she had three children who were born in the United States." Indeed, Liu presented no evidence regarding the treatment of Chinese citizens with foreign-born children. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005) (stating that an applicant's well-founded fear claim based on U.S.-born children was "speculative at best" when he failed to present "solid support" that he would be subject to the family planning policy upon his return to China). As such, the IJ's denial of Liu's asylum application was not in error.

Because Liu was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on her claim for withholding of deportation. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Gomez v. INS,* 947 F.2d 660, 665 (2d Cir. 1991).

Finally, to the extent that Liu asks this Court to remand her case based on documentary evidence that is not contained in the record, we will decline to do so. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 269 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of deportation in this petition is DISMISSED as moot.