CHUN DONG, Petitioner,

v.

Alberto R. GONZALES, Respondent.

No. 05–1012–ag.

United States Court of Appeals,
Second Circuit.

Feb. 26, 2007.

H. Raymond Fasano, Madeo & Fasano, New York, New York, for Petitioner.

Jim Letten, United States Attorney for the Eastern District of Louisiana, Diane Hollenshead Copes, Stephen A. Higginson, Assistant United States Attorneys, New Orleans, Louisiana, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Chun Dong, a native and citizen of the People's Republic of China, seeks review of the February 14, 2005 order of the BIA affirming the May 28, 2003 decision of Immigration Judge ("IJ") Brigitte Laforest denying his application for relief under the Convention Against Torture ("CAT"). *In re Chun Dong*, No. A77 957 270 (B.I.A. Feb. 14, 2005), *aff'g* No. A77 957 270 (Immig. Ct. N.Y. City May 28, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts and affirms, then supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005). We review questions of law and the application of law to undisputed fact *de novo*. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Substantial evidence supports the agency's denial of Dong's CAT claim, to the extent he claimed he would be tortured in prison. In *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159–60 (2d Cir. 2005), this Court held that without any particularized evidence, an applicant cannot demonstrate that he or she is more likely than not to be tortured "based solely on the fact that [he or she] is part of the large class of persons who have left China illegally" and on generalized evidence indicating that torture occurs in Chinese prisons. Here, the background evidence indicated that most returnees were subjected to a brief detention, at most, and this Court has found that a brief detention, on its own, does not constitute torture. *See Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir.2003). Moreover, Dong provided the IJ with no basis to conclude that he, or someone in his "particular alleged circumstances," faced an elevated risk of excessive punishment. *Id.* at 143–44. Although he provided letters from his father and neighbor, each alleging that he was imprisoned upon his forced return to China, Dong's father admitted that he was not beaten, and his neighbor, who claimed he was beaten, did not point to any particular similarities between his circumstances and Dong's. *See Mu Xiang Lin*, 432 F.3d at 160.

To the extent Dong claimed he would be subject to torture by the smugglers or loan sharks who financed his travel to the United States in 2001, the BIA's conclusion was likewise reasonable. The background evidence he submitted focused entirely on torture by the police and government officials in China, and contained no specific information on torture by loan sharks or other private individuals. Absent any evidence of torture by private individuals, much less the Chinese government's knowledge or tolerance of such actions, Dong could not establish that such

torture was more likely than not to occur. *Cf. Khouzam v. Ashcroft,* 361 F.3d 161, 170–71 (2d Cir.2004). Accordingly, substantial evidence supports the agency's conclusion that Dong failed to meet the high burden of proof for his CAT claim. *See Mu–Xing Wang,* 320 F.3d at 143–44.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).