Mardianawati FNU, Petitioner,

v.

Alberto R. GONZALES, Attorney
General of the United States,
Respondent.

No. 05–6375–ag.

United States Court of Appeals,
Second Circuit.

March 2, 2007.

H. Raymond Fasano, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Terri J. Scadron, Assistant Director; Greg D. Mack, Senior Litigation Counsel, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Mardianawati Fnu, a native and citizen of Indonesia of ethnic Chinese origin, seeks review of an October 31, 2005 order of the BIA affirming the February 10, 2004 decision of Immigration Judge ("IJ") Adam Opaciuch denying Mardianawati's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mardianawati Fnu,* No. A 96 266 889 (B.I.A. Oct. 31, 2005), *aff'g* No. A 96 266 889 (Immig. Ct. N.Y. City Feb. 10, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B). Notwithstanding that provision, however, this Court retains jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D); *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 326–27 (2d Cir.2006). Here, we lack jurisdiction to review Mardianawati's asylum claim because she does not raise a question of law

or constitutional claim. We therefore dismiss her petition for review to this extent. However, section 1158(a)(3) applies only to asylum claims and does not divest this Court of jurisdiction under § 1252(a) to review final orders of removal which deny other relief, such as withholding of removal and CAT. *See Joaquin–Porras v. Gonzales,* 435 F.3d 172, 180–81 (2d Cir.2006). We therefore review Mardianawati's remaining claims for relief on the merits.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).[1]

■ Substantial evidence supports the BIA's and IJ's determinations that Mardianawati failed to meet her burden of proof for withholding of removal. The IJ took into account Mardianawati's claims that: a mob of angry Muslims attempted to break into and burn her family's home in 1984, but was dispersed at the sound of police gunfire; a friend of her brother's had been raped and killed, as was the friend's family, on account of being ethnic Chinese; her own life was threatened by a native Indonesian; serious rioting occurred in Jakarta in May 1998; the windows of the Buddhist temple Mardianawati attended were broken when individuals threw stones at them; and bombings had occurred in Bali and Jakarta since her departure. Despite these disturbing events, the IJ appropriately observed that neither Mardianawati nor her family members had ever been physically injured in any way. Thus, the IJ reasonably found that these incidents did not amount to persecution on account of either Mardianawati's ethnicity or religion. *See Matter of Acosta,* 19 I. & N. Dec. 211, 216 (BIA 1985) (defining persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive"); *Beskovic v. Gonzales,* 467 F.3d 223, 226 n. 3 (2d Cir. 2006) (clarifying that a valid past persecution claim could be based on harm other than threats to life or freedom, including non-life-threatening violence and physical abuse); *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006) (emphasizing that harm must be sufficiently severe, rising above "mere harassment"); *Tian–Yong Chen v. INS,* 359 F.3d 121, 127 (2d Cir.2004).

---

**1.** The Government's argument that Mardianawati waived her withholding of removal claim, is unavailing. The IJ clearly determined that Mardianawati lacked eligibility for withholding of removal by first evaluating Mardianawati's eligibility for asylum. Once he found that Mardianawati failed to qualify for asylum, the IJ determined that it necessar- ily followed that she failed to satisfy the higher burden of proof required for withholding of removal. Therefore, by challenging the IJ's determination that she did not establish past persecution or a well-founded fear of persecution, and by providing the legal standard for withholding of removal, Mardianawati adequately preserved that claim.

Furthermore, although the IJ did not mention in his analysis every incident described by Mardianawati, there is no indication that he did not consider the cumulative effect of these events. *See Poradisova v. Gonzales*, 420 F.3d 70, 79–80 (2d Cir.2005) (finding that, when assessing past persecution, the adjudicator must consider the cumulative effect of an applicant's experiences); *see also Xiao Ji Chen*, 471 F.3d at 336, n. 17 (emphasizing that, where the agency has given reasoned consideration to the petition and made adequate findings, it is not required to address specifically each claim the petitioner made or each piece of evidence the petitioner presented). These circumstances would not compel a reasonable adjudicator to find that Mardianawati had established past persecution. 8 U.S.C. § 1252(b)(4)(B) (providing that findings are conclusive unless "any reasonable adjudicator would be compelled to conclude to the contrary").

■ Likewise, substantial evidence supports the BIA's and IJ's determinations that Mardianawati failed to establish a well-founded fear of future persecution due to a pattern and practice of persecution against ethnic Chinese and non-Muslims. Mardianawati's contention that the IJ failed to take into account the background materials in rendering his decision, is unavailing. To the contrary, the IJ specifically referenced those background materials in finding that conditions in Indonesia, while not "tremendously better," had improved since the May 1998 riots described by Mardianawati. The IJ accurately observed that State Department Country Reports on Human Rights Practices for Indonesia indicated that ethnic Chinese Indonesians comprise the largest nonindigenous minority group in that country, and that the Indonesian government recognizes Buddhism as one of the country's five major faiths. The reports further indicate that interreligious conflicts occurring in Indonesia primarily concerned Muslims and Christians, and that while bombings by terrorists occurred in some areas of Indonesia, these attacks were not reported to be targeted against ethnic Chinese Indonesians or Christians. Similarly, 2002 news articles in the record supported the IJ's observation that the more recent violence in Bali was aimed at foreigners.

Based on the documentary evidence in the record, the BIA and IJ reasonably determined that Mardianawati failed to establish a well-founded fear of persecution, and therefore, necessarily failed to satisfy the higher burden of proof required for withholding of removal. Moreover, the IJ reasonably relied on the fact that Mardianawati's family members remained in Indonesia unharmed, to support his decision. *See Matter of A–E–M–*, 21 I. & N. Dec. 1157 (BIA 1998) (finding that an applicant's fear of persecution was undermined when his family remained in the native country unharmed); *see also Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir.1999) (finding that where asylum applicant's mother and daughters continued to live in petitioner's native country, claim of well-founded fear was diminished); *Lie v. Ashcroft*, 396 F.3d 530, 537 (3d Cir.2005) (stating that fear of persecution is diminished when "family members remain in petitioner's native country without meeting harm").

■ While neither the BIA nor the IJ made specific findings as to whether Mardianawati had established a pattern and practice of persecution against Chinese and non-Muslims in Indonesia, or that this population comprised a "disfavored group," any error or oversight here was harmless. Mardianawati's claim that she is an ethnic Chinese Buddhist is undisputed. Howev-

er, as indicated by the background materials discussed above, she offered no objective proof that she was likely to suffer persecution on account of her membership in this group. *See, e.g., Lie,* 396 F.3d at 537–38 (finding no pattern or practice of persecution against Chinese Christians in Indonesia, despite the violence of the 1998 riots, because: the Indonesian government specifically promotes religious and ethnic tolerance; violence against Chinese Christians sharply declined in 1999; and the violence of the 1998 riots was wrought by civilians with no indication that it was instigated or condoned by the government). Therefore, she has not established that it is more likely than that not she would suffer persecution. 8 C.F.R. § 1208.16(b)(2).

Finally, because Mardianawati has failed to sufficiently challenge the denial of her CAT claim before this Court, and because addressing this argument does not appear to be necessary to avoid manifest injustice, we deem any such argument waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.