Tatiana **PALTSEVA** and Yuri Volkanov, Petitioners,

v.

Alberto R. **GONZALES**, Respondent.

No. 04–1260–ag.

United States Court of Appeals, Second Circuit.

April 25, 2007.

Benjamin P. Deutsch, Jane H. Kauh, New York, NY, for Petitioners.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, Edmond Chang, Craig Oswald, Barry Rand Elden, Assistant United States Attorneys, Chicago, IL, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioners Tatiana Paltseva and Yuri Volkanov, citizens of Russia, seek review of a February 13, 2004, order of the BIA affirming the September 17, 2003, decision of Immigration Judge ("IJ") Miriam K. Mills denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Tatiana Paltseva and Yuri Volkanov,* Nos. A70 903 012, A70 903 013 (B.I.A. Feb. 13, 2004), *aff'g* Nos. A70 903 012, A70 903 013 (Immig. Ct. N.Y. City Sept. 17, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review questions of law *de novo,* including "what evidence will suffice to carry any asylum applicant's burden of proof." *Islami v. Gonzales,* 412 F.3d 391, 396 (2d Cir.2005). We review factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ Substantial evidence does not support the BIA's determination that Paltseva and Volkanov did not experience past persecution. The harms Paltseva and her son experienced are virtually identical to those suffered by the alien and his son in *In re O–Z– and I–Z–,* 22 I. & N. Dec. 23 (B.I.A. 1998). In *O–Z–,* the BIA found that the incidents of mistreatment inflicted on the alien and his son "constitute[d] more than mere discrimination and harassment. In the aggregate, they [rose] to the level of persecution as contemplated by the Act." *Id.* at 26.

■ Furthermore, contrary to the government's argument, Paltseva established the requisite nexus between the government and the harms she suffered to demonstrate persecution. Paltseva asserted that the police failed to take any action when she reported the mistreatment she and her son experienced at the hands of private parties. The government's unwillingness to control those who harmed Paltseva and Volkanov is more than sufficient to establish that they suffered persecution under *Pavlova v. INS,* 441 F.3d 82, 90 (2d Cir.2006), and the cases cited therein.

The BIA and the IJ both held, however, that even if Paltseva and Volkanov had suffered persecution in the past, changed country conditions undermined any well-founded fear of future persecution they may have had. In support, the agency relied on the 2002 International Religious Freedom Report and the 2002 Annual Report of the United States Commission on International Religious Freedom. Since the BIA handed down its decision, the United States Commission on International Religious Freedom issued a new report that casts serious doubt on whether the improvements identified in the 2002 reports have lasted. The new

**92**

report, released in 2006, states that Russia is "retreating from democratic reform and endangering significant gains on human rights, including freedom of religion or belief" and that it is "increasingly clear that this is a deliberate policy of the Russian government." United States Commission on International Religious Freedom, Annual Report, May 2006, at 159.

Because the 2006 report indicates that country conditions which "bear vitally" on Paltseva and Volkanov's claims may have changed since the BIA's disposition of their application for asylum, withholding of removal, and relief under the CAT, and because we are remanding the case to the BIA for further consideration of the petitioners' past persecution, the BIA will be well served by using this opportunity also to consider, in the first instance, the new evidence now available in the 2006 report. *See Qun Yang v. McElroy*, 277 F.3d 158, 163 (2d Cir.2002) (per curiam).

Accordingly, the petition for review is GRANTED and the case is REMANDED for further proceedings consistent with this order. Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).