Ashraf Shoukry Aziz **LOUZA**,
Petitioner,

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales, Attorney General, Respondents.**

No. 06–4965–ag.

United States Court of Appeals, Second Circuit.

July 2, 2007.

---

1. Gansas does not appeal from this holding.

Jesse Lloyd, Neil A. Weinrib & Associates, New York, NY, for Petitioner.

Gretchen C.F. Shappert, United States Attorney for the Western District of North Carolina, Jonathan A. Vogel, Assistant United States Attorney, Charlotte, NC, for Respondents.

PRESENT: Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Ashraf Shoukry Aziz Louza, a native and citizen of Egypt, seeks review of a September 29, 2006 order of the BIA affirming the June 7, 2005 decision of Immigration Judge ("IJ") William F. Jankun denying Petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ashraf Shoukry Aziz Louza,* No. A 95 365 002 (B.I.A. Sept. 29, 2006), *aff'g,* No. A 95 365 002 (Immig. Ct. N.Y. City June 7, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun*

*Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ Upon our review of the record, we conclude that the agency's denial of relief was supported by substantial evidence. We find no error in its conclusion that Louza failed to demonstrate past persecution. Persecution clearly includes physical harm that threatens the victim's "life or freedom," but non-life-threatening violence and physical abuse may constitute persecution as well. *Tian–Yong Chen v. INS,* 359 F.3d 121, 127 (2d Cir.2004). However, the difference between harassment and persecution is one of degree, which must be assessed with regard to the context in which the mistreatment occurs. *See Beskovic v. Gonzales,* 467 F.3d 223, 226 (2d Cir.2006). As we have held, the agency must be "keenly sensitive" to the fact that a "minor beating, or for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." *Id.* Here, even taken in context, the agency's determination that the three incidents described by Louza do not constitute persecution under the INA was reasonable. Although unfortunate, Louza's confrontations with his assailants were perpetrated by individuals discontent with his participation in the church programs for children. Thus, in contrast to *Beskovic,* the incidents took place not in the course of an arrest or a detention, but in public at the hands of other civilians.

■ Even if these incidents were sufficiently severe to constitute persecution, the IJ was correct in finding that Louza had failed to show that they were perpetrated by individuals or a group the Egyptian government is unable or unwilling to control. *See Matter of Acosta,* 19 I. & N. Dec. 211, 222 (BIA 1985); *accord Rizal v.*

*Gonzales,* 442 F.3d 84, 92 (2d Cir.2006); *Pavlova v. INS,* 441 F.3d 82, 85 (2d Cir. 2006). When Louza went to the police precinct to report an assault, the official stated that he would not be able to take any action without Louza providing the names or addresses of his assailants—information Louza did not possess. On a second occasion, where Louza did have more information regarding the identity of one of his assailants, he chose not to go to the police. Moreover, Louza never alleged that the police were unwilling to help because of their animus against Coptic Christians; indeed, he testified that a small police post was independently established in front of his church for the express purpose of preventing attacks. *Cf. Poradisova v. Gonzales,* 420 F.3d 70, 80 & n. 6 (2d Cir.2005) (IJ erred in drawing adverse inferences from Jewish petitioners' failure to file police reports after attacks, despite evidence presented that the police were antisemitic).

With regard to Louza's well-founded fear of persecution claim, we similarly find no error. Because Louza has not challenged the BIA's finding that the record did not reflect a pattern or practice of persecution against Coptic Christians in Egypt, any such argument is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005) (Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal). As to his claim of an individualized fear of persecution, because we have concluded that the incidents of harm that Louza alleged, though deplorable, do not rise to the level of past persecution, those experience cannot form the basis of a well-founded fear of persecution. Moreover, to the extent he was targeted because of his participation in certain church programs, his testimony that he would not resume such activities undermined his claimed fear of future persecution.

Because Louza was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Additionally, because Louza makes no independent argument with respect to the denial of his claim for relief under CAT, that claim is deemed waived. *See Yueqing Zhang,* 426 F.3d at 541 n. 1, 545 n. 7.

Finally, Louza argues that his immigration proceedings were "legally invalid" because his counsel during those proceedings never filed an entry of appearance before the immigration court. The Code of Federal Regulations provides that, in an immigration proceeding, "the attorney or representative shall file a Notice of Appearance on Form EOIR–28 with the Immigration Court. . . ." 8 C.F.R. § 1003.17(a). Louza points to no authority to support his argument that the failure to requirement should result in hearing. Contrary to Louza' bide by this procedural an automatic remand for a news argument, the failure of his former counsel to file an entry of appearance on Form EOIR–28 did not prevent him from obtaining a full and fair opportunity to present his claims. *See Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 104–05 (2d Cir.2006) ("Due process requires that an applicant receive a full and fair hearing which provides a meaningful opportunity to be heard.") (citations omitted).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, petitioner's pending motion for a stay of removal in this petition is DENIED as moot.