Thinley **GYALTSEN**, a.k.a. Thinley Lama, Petitioner,

v.

**PETER D. KEISLER,**[1] **Respondent.**

No. 07–0999–ag.

United States Court of Appeals, Second Circuit.

Sept. 27, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Gary J. Yerman, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney, General, Anthony W. Norwood, Senior Litigation Counsel, Andrew Paul Kawel, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. GUIDO CALABRESI, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Thinley Gyaltsen, also known as Thinley Lama, who claims to be a native of Tibet, seeks review of a February 16, 2007 order of the BIA affirming the August 18, 2005 decision of Immigration Judge ("IJ") Steven R. Abrams, denying Gyaltsen's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Thinley Gyaltsen a.k.a. Thinley Lama,* No. A78 719 504 (B.I.A. Feb. 16, 2007), *aff'g* No. A78 719 504 (Immig. Ct. N.Y. City Aug. 18, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 304–05 (2d Cir.2007).

Here, the agency properly denied Gyaltsen's asylum application because he failed to meet his burden of proof with respect to the threshold issue of his Tibetan identity. *Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006); *Dhoumo v. BIA,* 416 F.3d 172, 174 (2d Cir.2005). Gyaltsen failed to submit adequate documentary evidence to establish that he was actually from Tibet. The only reliable identifying document

that he produced was a Nepalese passport issued with the Nepalese name "Thinley Lama." Gyaltsen claimed that the passport was fraudulent, but its validity was not challenged by the consulate at the U.S. Embassy in India where Gyaltsen obtained his K–1 visa or by the officials who admitted him into the United States. Furthermore, although Gyaltsen claimed that he adopted a Nepalese identity solely to procure his passport, Gyaltsen's Nepalese name appears on his son's birth certificate, issued a year before he obtained his passport. Thus, the agency properly denied Gyaltsen's asylum claim because he produced no credible evidence of a Tibetan identity and therefore established no basis for finding he had suffered past persecution on account of his nationality. 8 U.S.C. § 1101(a)(42).

The agency also properly denied Gyaltsen's applications for withholding of removal and CAT relief. Because the IJ ordered Gyaltsen removed to Nepal, the relevant inquiry for the purposes of Gyaltsen's withholding and CAT claims is whether Gyaltsen will more likely than not suffer persecution or torture upon removal to Nepal. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178, 184 (2d Cir.2004). Gyaltsen did not allege that he experienced any difficulties in Nepal that could be characterized as either persecution or torture. Moreover, nothing in the background materials that Gyaltsen submitted indicates a likelihood that Gyaltsen would be persecuted or tortured in Nepal.

Gyaltsen asserts that he fears deportation to Tibet if he is removed to Nepal and that there is a clear probability that he would be persecuted and tortured in Tibet. But, since Gyaltsen failed to establish that he is Tibetan and the background materials do not demonstrate that Nepal routinely repatriates Tibetan refugees, there is no reason to believe that Gyaltsen would be deported to Tibet once he returns to Nepal.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).